UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LUNA, | Case No. 2:23-cv-01807-JDP (PC) |
| Plaintiff, | ORDER SCREENING PLAINTIFF'S COMPLAINT AND GRANTING HIS APPLICATION TO PROCEED *IN FORMA PAUPERIS* |
| v. | |
| SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, *et al.*, | ECF Nos. 1 & 7 |
| Defendants. | |

Plaintiff David Luna is a county inmate proceeding pro se in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff brings claims against the Sacramento County Sheriff's Department and three Sacramento County Sheriff's deputies: Roming, Jimenez, and Gray. The complaint alleges that the three deputies unnecessarily neglected plaintiff's repeated requests for medical attention. The claims, as articulated, are not sufficient to proceed past screening. I will grant plaintiff the opportunity to file an amended complaint. I will also grant plaintiff's application to proceed *in forma pauperis*, which makes the required showing.[1]

---

[1] Plaintiff has filed two motions seeking to proceed *in forma pauperis*. ECF Nos. 2 & 7. His later filing is compliant; thus, I will deny the earlier as unnecessary.

1

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Discussion**

The complaint states that an abscess developed on plaintiff's pinky finger while he was housed at Sacramento County Jail. ECF No. 1 at 3. Since he was in extreme pain, he pressed the emergency button in his cell, but the defendant deputies ignored his emergency calls for ten

1  days.[2] *Id.* At some point, one of the defendant deputies stated, "we're going to throw you in the
2  hole if you keep bugging us, so live with it." On the tenth day, plaintiff was seen by medical
3  staff, who treated his injury with antibiotics and stated that he should have been treated sooner.

4  Deliberate indifference is a higher standard than medical negligence or malpractice.
5  Isolated incidences of neglect do not rise to the level of deliberate indifference; neither do
6  disagreements over the best course of treatment. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th
7  Cir. 2006); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). Misdiagnosis alone is not a
8  basis for a claim, *see Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012), and a "mere
9  delay" in treatment, "without more, is insufficient to state a claim of deliberate medical
10 indifference," *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).
11 To constitute deliberate indifference, the delay must have caused substantial harm. *See Harvey v.
12 California*, 82 F. App'x 544, 545 (9th Cir. 2003) ("In order for a delay in medical care to
13 constitute an Eighth Amendment violation, the delay must cause substantial harm.") (citing *Wood
14 v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990)).

15 The complaint alleges that the defendant deputies knew that plaintiff was in distress and
16 deliberately ignored his request for aid numerous times. However, a ten-day delay in treatment
17 without allegations that the injury worsened is insufficient. *See Frost v. Agnos*, 152 F.3d 1124,
18 1130 (9th Cir. 1998) (alleged delays in administering pain medication, without more, do not
19 constitute deliberate indifference); *Greene v. Maricopa Cnty.*, 116 F.3d 484 (9th Cir. 1997)
20 (finding no Eighth Amendment violation because there was no evidence that a "ten-day delay
21 between Greene's request to see a psychiatrist and his evaluation" "resulted in an injury or
22 worsened his condition"); *Mayfield v. Craven*, 433 F.2d 873, 874 (9th Cir. 1970) (per curiam)
23 (finding that eleven day delay in treating inmate's "serious facial bone fractures" did not violate
24 Eighth Amendment).

25 The complaint does not state a claim against the Sheriff's Department, either. To state a

---

[2] The complaint alleges that defendants neglected plaintiff; I believe plaintiff intends to allege that defendants were responsible in some manner for responding to plaintiff's emergency button.

3

1  claim against the Sheriff's Department, plaintiff must allege (1) he was deprived of a
2  constitutional right, (2) the City and/or County has a policy, custom, or practice which amounted
3  to deliberate indifference to that constitutional right; and (3) the policy, custom, or practice was
4  the moving force behind the constitutional violation. *See Dougherty v. City of Covina*, 654 F.3d
5  892, 900-01 (9th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).
6  "[A] local government may not be sued under § 1983 for an injury inflicted solely by its
7  employees or agents." *Monell*, 436 U.S. at 694.  Instead, a local government may be sued when
8  an employee who committed a constitutional violation was "acting pursuant to an expressly
9  adopted official policy, longstanding practice or custom, or as a final policymaker." *Thomas v.*
10 *Cnty. of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014) (citing *Monell*, 436 U.S. at 694).  The
11 complaint makes no allegations that the Sheriff's Department has a policy, custom, or practice
12 that was the moving force behind his alleged constitutional violation.
13        Plaintiff may file an amended complaint.  He is advised that the amended complaint will
14 supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir.
15 2012) (en banc).  This means that the amended complaint will need to be complete on its face
16 without reference to the prior pleading. *See* E.D. Cal. Local Rule 220.  Once an amended
17 complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended
18 complaint, as in an original complaint, plaintiff will need to assert each claim and allege each
19 defendant's involvement in sufficient detail.  The amended complaint should be titled "Amended
20 Complaint" and refer to the appropriate case number.
21        Accordingly, it is ORDERED that:
22        1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 7, is granted.
23        2. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is denied as
24 unnecessary.
25        3. Within thirty days from the service of this order, plaintiff may file an amended
26 complaint.  If he does not, I will recommend this action be dismissed for failure to state a claim.
27        4. The Clerk of Court is directed to send plaintiff a complaint form.
28        5. Failure to comply with this order may result in a recommendation of dismissal.

1  IT IS SO ORDERED.

3  Dated:    November 7, 2023

   JEREMY D. PETERSON
   UNITED STATES MAGISTRATE JUDGE