UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LUNA,<br><br>  Plaintiff,<br><br> v.<br><br>SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, *et al.*,<br><br>  Defendants. | Case No.  2:23-cv-01807-JDP (PC)<br><br>**ORDER**<br><br>FINDINGS THAT THE FIRST AMENDED COMPLAINT STATES COGNIZABLE FOURTEENTH AMENDMENT CLAIMS AGAINST DEFENDANTS ROMIG, GARCIA, AND LO<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT ALL OTHER CLAIMS BE DISMISSED AS NON-COGNIZABLE<br><br>ECF No. 10<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff, an inmate in the Sacramento County Jail, alleges that defendants Romig, Lo, and Garcia, all of whom are sheriff's deputies, ignored his pleas for medical help.  ECF No. 10 at 3. After reviewing the complaint, I find that it states viable Fourteenth Amendment claims against these defendants.[1]  All other claims and defendants should be dismissed, however.

---

[1] As a pretrial detainee, plaintiff's inadequate medical care arises under the Fourteenth Amendment rather than the Eighth.  *See Sandoval v. Cty. of San Diego*, 985 F.3d 657, 667 (9th Cir. 2021).

1

**Screening Order**

**I.      Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.      Analysis**

Plaintiff alleges that, on April 12, 2023, he pressed the emergency button in his cell and complained to defendants Romig, Garcia, and Lo of a painful abscess that was oozing pus. ECF No. 10 at 3. These defendants allegedly told plaintiff that his issue was not an emergency and

1   declined to either summon medical staff or transport plaintiff to the infirmary. *Id.* At some
2   unspecified later time, plaintiff was seen by medical personnel, who allegedly stated that he
3   should have been seen sooner. *Id.* at 3-4. These allegations are sufficient to state Fourteenth
4   Amendment claims against these three defendants for inadequate medical care.

5   The only other claim at issue is plaintiff's allegation that defendant Jimenez, a sergeant
6   supervisor at the jail, should be held liable for condoning the "shoddy" medical care at the
7   facility. *Id.* at 5. He does not, however, make any allegation that Jimenez was involved in or
8   aware of the denial of medical care at issue in his other claims. Nor does he offer any specifics as
9   to how Jimenez is responsible for the medical care at the jail. Accordingly, I find that his claims
10  against this defendant should be dismissed.

11  Given that plaintiff has already been afforded an opportunity to amend, I will direct
12  service for his cognizable claims and recommend that his non-viable ones be dismissed.

13  Accordingly, it is ORDERED that:

14  1. This action shall proceed based on the Fourth Amendment inadequate medical care
15  claims against defendants Romig, Garcia, and Lo.

16  2. The Clerk of Court shall send plaintiff three USM-285 forms, a summons, a Notice of
17  Submission of Documents form, an instruction sheet, and a copy of the complaint filed November
18  20, 2023, ECF No. 10.

19  3. Within thirty days from the date of this order, plaintiff shall complete the attached
20  Notice of Submission of Documents and submit the completed Notice to the court with the
21  following documents:

22      a.   one completed summons for the defendants;
23      b.   three completed USM-285 forms; and
24      c.   four copies of the signed November 20, 2023 complaint.

25  4. Plaintiff need not attempt service on defendants and need not request waiver of service.
26  Upon receipt of the above-described documents, the court will direct the U.S. Marshals Service to
27  serve the above defendants pursuant to Federal Rule of Civil Procedure 4, without payment of
28  costs by plaintiff.

5. The failure to comply with this order may result in the dismissal of this action.

6. The Clerk of Court shall randomly assign a district judge to this action.

Further, it is RECOMMENDED that all claims other than the ones identified as viable above be DISMISSED for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    January 16, 2024                                              
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LUNA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>　　　　　Defendants. | Case No.  2:23-cv-01807-JDP (PC)<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

In accordance with the court's Screening Order, plaintiff must submit:

　　　　　  1    　completed summons form

　　　　　  3    　completed forms USM-285

　　　　　  4    　copies of the November 20, 2023 complaint

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff

Dated:

5