UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LUNA, | Case No. 2:23-cv-01807-DAD-JDP (PC) |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE** |
| SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, *et al.*, | |
| Defendants. | |

On January 16, 2024, I ordered plaintiff to complete and return to the court, within thirty days, the USM-285 forms necessary to effect service on defendants. ECF No. 11. That thirty-day period has since passed, and plaintiff has not responded in any way to the court's order.

To manage its docket effectively, the court requires litigants to meet certain deadlines. The court may impose sanctions, including dismissing a case, for failure to comply with its orders or local rules. *See* Fed. R. Civ. P. 41(b); E.D. Cal. L.R. 110; *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988). Involuntary dismissal is a harsh penalty, but a district court has a duty to administer justice expeditiously and avoid needless burden for the parties. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); Fed. R. Civ. P. 1.

I will give plaintiff a chance to explain why the court should not dismiss the case for

1

failure to comply with court orders and failure to prosecute.  Plaintiff's failure to respond to this order will constitute a failure to comply with a court order and will result in a recommendation that this action be dismissed.  Accordingly, plaintiff is ordered to show cause within twenty-one days why this case should not be dismissed for failure to prosecute and failure to comply with court orders.  Should plaintiff wish to continue with this lawsuit, he shall file, within twenty-one days, the USM-285 forms necessary to effect service on defendants.

IT IS SO ORDERED.

Dated:   July 10, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE